# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FRANCISCO SILVA,

    Petitioner,                                   3:14-cv-00342-RCJ-WGC

vs.

                                                  **ORDER**

ROBERT LeGRAND, *et al.*,

    Respondents.

_____/

    In this habeas corpus action, brought by Francisco Silva, a Nevada prisoner, the respondents have filed a motion to dismiss, and the parties have fully briefed that motion. The court will deny respondents' motion to dismiss.

    Silva was convicted on March 23, 2009, following a jury trial in Nevada's Eighth Judicial District Court, in Clark County, of eight counts of lewdness with a child under the age of fourteen, and one count of sexual assault with a child under the age of fourteen. *See* Judgment of Conviction, Exhibit 26. (The exhibits referred to in this order were filed by Silva, and are located in the record at ECF Nos. 20-27.) He was sentenced on the lewdness convictions to eight concurrent sentences of ten years to life in prison, and on the sexual assault conviction to a concurrent sentence of twenty years to life in prison. *See id*. The Nevada Supreme Court affirmed the judgment of conviction on May 10, 2010. *See* Order of Affirmance, Exhibit 37. Silva's state-court habeas petition was

ultimately unsuccessful. *See* Order or Reversal and Remand, Exhibit 44; Order of Affirmance, Exhibit 57.

This court received Silva's federal habeas petition, initiating this action *pro se*, on July 2, 2014 (ECF No. 8). The court granted Silva's motion for appointment of counsel, and appointed counsel to represent him. *See* Order entered October 6, 2014 (ECF No. 7). With counsel, Silva filed a first amended habeas petition (ECF No. 19) on June 24, 2015. Silva's first amended petition asserts seven claims:

1. Silva's federal constitutional rights were violated because the trial court did not grant his lead trial counsel's request for a continuance so that he could secure his co-counsel's release from custody. First Amended Petition (ECF No. 19), p-. 13-16.

2. Silva's federal constitutional rights were violated by the admission into evidence of a letter allegedly written by Silva. *Id.* at 16-17.

3a. Silva's trial counsel was ineffective, in violation of his federal constitutional rights, because they failed to conduct sufficient pretrial investigation. *Id.* at 18-20.

3b. Silva's trial counsel was ineffective, in violation of his federal constitutional rights, for failing to move for a directed verdict regarding the sexual assault charge. *Id.* at 20.

3c. Silva received ineffective assistance of trial counsel, in violation of his federal constitutional rights, because one of his two trial attorneys was arrested during his trial. *Id.* at 21.

3d. Silva received ineffective assistance of appellate counsel, in violation of his federal constitutional rights, because his appellate counsel failed to assert on appeal that the introduction into evidence of the letter allegedly written by Silva violated his rights under the due process clause of the Fifth Amendment to the United States Constitution. *Id.* at 21.

3e. Silva received ineffective assistance of appellate counsel, in violation of his federal constitutional rights, because his appellate counsel failed to assert on appeal that the State presented insufficient evidence to support the sexual assault conviction. *Id.* at 21-22.

On October 14, 2015, respondents filed their motion to dismiss (ECF No. 34). Respondents argue in that motion that Claims 3c, 3d and 3e are unexhausted in state court. *See* Motion to Dismiss

(ECF No. 34), pp. 7-8. Silva filed an opposition to the motion to dismiss on November 30, 2015 (ECF No. 36), and respondents replied on December 10, 2015 (ECF No. 38).

A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest state court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). A claim is fairly presented to the state's highest court if, before that court, the petitioner describes the operative facts and legal theory upon which the claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982).

Silva asserted each of the claims now designated Claims 3c, 3d and 3e in his state-court habeas corpus petition. *See* Petition for Writ of Habeas Corpus, Exhibit 39; *see also* Respondents' Answering Brief, Exhibit 56, pp. 11, 21. The state district court denied his petition. *See* Findings of Fact, Conclusions of Law and Order, Exhibit 51. On the appeal from the denial of his petition, Silva argued that the state district court "erred by not granting [him] a full and fair evidentiary hearing on the issues presented in the post-conviction writ of habeas corpus and the supplement." Appellant's Opening Brief, Exhibit 54, p. 8. He argued further:

> Mr. Silva filed a writ of habeas corpus, and appointed counsel filed a supplement to that writ, that outlined a number of meritorious issues that included: ineffective assistance of both trial and appellate counsel and challenges to the sufficiency of the evidence to support the conviction. Despite the number and scope of the issues raised in the writ, the District Court declined to hear Mr. Silva's issues.

*Id*. at 9-10. The Nevada Supreme Court affirmed. *See* Order of Affirmance, Exhibit 57.

Silva's argument on appeal that the state district court erred by not granting him an evidentiary hearing regarding "the issues presented in the post-conviction writ of habeas corpus and the supplement," (*see* Appellant's Opening Brief, Exhibit 54, p. 8), implicated each of the claims he

made in his state habeas petition, including the claims designated Claims 3c, 3d and 3e in this case. Claims 3c, 3d and 3e were therefore, presented to the Nevada Supreme Court, and are exhausted in state court.

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (ECF No. 34) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents shall, within 60 days after the entry of this order, file and serve an answer, responding to the claims in petitioner's first amended habeas petition (ECF No. 19).

**IT IS FURTHER ORDERED** that, after respondents' file an answer, petitioner shall have 45 days to file and serve a reply

DATED: This 6th day of May, 2016.

_____
UNITED STATES DISTRICT JUDGE